1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
   david@setarehlaw.com
3  SETAREH LAW GROUP
   9665 Wilshire Blvd., Suite 430
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff ARTURO ROMERO

7

                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10

11  ARTURO ROMERO, on behalf of himself       Case No. 20-cv-09106-MMC
    and all others similarly situated,
                                              Amended as a Matter of Right Pursuant to
12              Plaintiff,                     Labor Code § 2699.3(a)(2)(C)

13         vs.                                **FIRST AMENDED CLASS ACTION
                                              COMPLAINT FOR:**
14  GREENWICH LOGISTICS, LLC, a Delaware
    corporation; AMAZON.COM SERVICES,            1.  Failure to Provide Meal Periods (Lab.
15  LLC, a Delaware corporation; NEED IT            Code §§ 204, 223, 226.7, 512 and
    NOW, LLC, a California corporation; and           1198);
16  DOES 1 through 50, inclusive,                2.  Failure to Provide Rest Periods (Lab.
                                                    Code §§ 204, 223, 226.7 and 1198);
17              Defendants.                       3.  Failure to Pay Hourly Wages and
                                                    Overtime (Lab. Code §§ 223, 510, 1194,
18                                                  1194.2, 1197, 1997.1 and 1198);
                                                 4.  Failure to Provide Accurate Written
19                                                  Wage Statements (Lab. Code §§
                                                    226(a));
20                                               5.  Failure to Indemnify (Lab. Code §
                                                    2802);
21                                               6.  Failure to Timely Pay All Final Wages
                                                    (Lab. Code §§ 201, 202 and 203);
22                                               7.  Unfair Competition (Bus. & Prof. Code
                                                    §§ 17200 et seq.); and
23                                               8.  Penalties Pursuant to Labor Code §
                                                    2699, et seq.
24

25                                            **JURY TRIAL DEMANDED**

26

27

28

Plaintiff ARTURO ROMERO ("Plaintiff"), on behalf of himself, the State of California, all others similarly situated, and the general public, complain and allege as follows:

## INTRODUCTION

1.     Plaintiff brings this class and representative action against Defendants GREENWICH LOGISTICS, LLC, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware corporation; NEED IT NOW, LLC, a California corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code, California Industrial Welfare Commission ("IWC") Wage Orders, and California Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

(1)     failed to pay them at least minimum wage for all hours worked;

(2)     failed to pay them overtime wages at the correct rate;

(3)     failed to pay them double time wages at the correct rate;

(4)     failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(5)     failed to provide him and all other similarly situated individuals with meal periods;

(6)     failed to provide them with rest periods;

(7)     failed to pay them premium wages for missed meal and/or rest periods;

(8)     failed to reimburse them for necessary busines expenditures incurred;

(9)     failed to provide them with accurate written wage statements; and

(10)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, liquidated damages, penalties, restitution and related relief on behalf of himself, the State of California, all others similarly situated, aggrieved employees, and the general public.

## JURISDICTON AND VENUE

2.     Plaintiff filed this action in the Superior Court for the State of California, County of Alameda because the monetary damages and restitution sought by Plaintiff from Defendants' conduct

1   exceeds the minimal jurisdiction of the Superior Court of the State of California.

2        3.     Defendants Amazon logistics, Inc.  filed a notice of removal to this Court on December

3   16, 2020 under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1441, 1446 and

4   1453.

5                   **PARTIES**

6        4.     Plaintiff ARTURO ROMERO is, and at all relevant times mentioned herein, an

7   individual residing in the State of California.

8        5.     Plaintiff is informed and believes, and thereupon alleges that Defendant

9   GREENWICH LOGISTICS, LLC, is, and at all relevant times mentioned herein, a Delaware

10   corporation doing business in the State of California.

11        6.     Plaintiff is informed and believes, and thereupon alleges that Defendant

12   AMAZON.COM SERVICES, LLC, is, and at all relevant times mentioned herein, a Delaware

13   corporation doing business in the State of California.

14        7.     Plaintiff is informed and believes, and thereupon alleges that Defendant NEED IT

15   NOW, LLC, is, and at all relevant times mentioned herein, a California corporation doing business in

16   the State of California.

17        8.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

18   DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff

19   will amend this Complaint to allege the true names and capacities of the DOE defendants when

20   ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously

21   named defendants are responsible in some manner for the occurrences, acts and omissions alleged

22   herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of

23   them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE

24   defendants when ascertained.

25        9.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

26   mentioned herein, some or all of the defendants were the representatives, agents, employees, partners,

27   directors, associates, joint venturers, joint employers, principals or co-participants of some or all of

28   the other defendants, and in doing the things alleged herein, were acting within the course and scope

1    of such relationship and with the full knowledge, consent and ratification by such other defendants.

2         10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

3    mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and

4    conspired with one another, and aided and abetted one another to accomplish the occurrences, acts

5    and omissions alleged herein.

6         11.    This action has been brought and may be maintained as a class action pursuant to

7    FRCP Rule 23 because there is a well-defined community of interest among the persons who comprise

8    the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties

9    likely to be encountered in managing this case as a class action.

10        12.    **Relevant Time Period**:  The relevant time period is defined as the time period

11   beginning four years prior to the filing of this action until judgment is entered.

12        **Hourly Employee Class**:  All persons employed by Defendants, collectively or separately,
     and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions
13   in California four years prior to the filing of this action and ending on the date that final
     judgment is entered in this action ("Hourly Employee Class").

14

15             **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
               shift in excess of five hours during the four years prior to the filing of this action and
16             ending on the date that final judgment is entered in this action.

17             **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
               of at least three and one-half (3.5) hours the four years prior to the filing of this action
18             and ending on the date that final judgment is entered in this action.

19             **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
               separated from their employment with Defendants during the period beginning three
20             years before the filing of this action and ending when final judgment is entered.

21
        **Wage Statement Class**: All persons employed by Defendants in California during the period
22   beginning one year before the filing of this action and ending when final judgment is entered.

23      **Reimbursement Class**: All persons employed by Defendants in California who incurred
     unreimbursed business expenditures for Defendants during the period beginning four years
24   before the filing of this action and ending when final judgment is entered.

25      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
     during the four years prior to the filing of this action and ending on the date that final judgment
26   is entered in this action.

27
        13.    **Reservation of Rights**:  Plaintiff reserves the right to amend or modify the class
28

---

3

definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14.     **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15.     **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.     Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.     Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.     Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.     Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.     Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.     Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

G.     Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

H.     Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

I.      Whether Defendants failed to reimburse class members for necessary business expenditures incurred; and

J.      Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16.     **Typicality:**  Plaintiff's claims are typical of the other class members' claims.  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the California Labor Code and Business and Professions Code as alleged in this Complaint.

17.     **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18.     **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.     **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20.     Plaintiff worked for Defendants from October 15, 2019 through November 12, 2019

as a non-exempt hourly employee.

21.     Plaintiff and Class members were not paid proper wages for all hours worked. Plaintiff and class members were regularly required to work off the clock, for which they were never paid wages. Specifically, Defendants also had a policy of automatically deducting thirty minutes, and up to an hour, from Plaintiff's and class members' paychecks for unpaid meal periods, regardless of whether they took a meal period or not. Furthermore, what meal periods were taken by putative class members were consistently interrupted by work. Plaintiff and putative class members were instructed to "multitask," and were required to clock out for lunch and keep working while they ate. Thus, Plaintiff and Class Members were regularly required to work during unpaid meal periods which they were systemically denied. These uncompensated hours were worked in excess of eight (8) hours a day and/or forty (40) hours a week entitled Plaintiff and Class Members to overtime wages which they were systemically denied.

22.     Putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal policy that encouraged employees to take their meal periods, or that advised putative class members of their meal and rest period rights; and (3) Defendants' practice of requiring putative class members to continue working through their meal and rest periods due to the excessive workload. Defendants also had a common policy and practice of automatically deducing 30 minutes, and up to an hour, of wages from putative class members' time whether a meal period was taken or not. Furthermore, what meal periods were taken by putative class members were consistently interrupted by work. Plaintiff and putative class members were instructed to "multitask." And were required to clock out for lunch and keep working while they ate. Additionally, Plaintiff and putative class members' meal periods were consistently taken after the completion of their fifth hour of work. Moreover, Plaintiff and putative class members were never afforded the opportunity to take second meal periods when they worked in excess if ten (10) hours a day.

23.     Putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not

scheduling each rest period as part of each work shift; (2) no formal written rest period policy that encouraged employees to take their rest periods, or that advised putative class members of their meal and rest period rights; and (3) Defendants' practice of requiring putative class members to continue working through their rest breaks due to the excessive workload. Putative class members were often given work-related tasks to complete during their rest periods and were never provided the opportunity to take uninterrupted rest breaks to which they were entitled.

24.    Defendants also implemented a common policy and practice of failing to reimburse Plaintiff and putative class members for necessary expenditures incurred in executing their duties under Defendants employ. Specifically, Plaintiff and putative class members were required to use their personal cell phones in the course of their duties, including, but not limited to, clocking their hours worked and meal periods remotely with the web-based application on their phones. Defendant never reimbursed Plaintiff and putative class members for their necessary cell phone costs in executing their work-related duties. Additionally, Plaintiff and putative class members were required to launder and maintain their uniforms, the costs for which they were never reimbursed. Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226. Specifically, Defendants failed to issue wage statements as "a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing." Additionally, the wage statements issued to Plaintiff and class members were not recorded in "ink or other indelible form."

25.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

26.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

27.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

28.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each

hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

29.    Additionally, Plaintiff and class members were required to purchase no-slip shoes and black slacks in order to execute his duties under Defendants' employ, and for which they were never reimbursed.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

## (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

## (Plaintiff and Meal Period Sub-Class)

30.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

31.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

32.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

33.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

34.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

35.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

36.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

37.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

38.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

39.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

40.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one-half hour, and up to an hour, for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period. Furthermore, what meal periods were taken by **Meal Period Sub-Class** members were consistently interrupted by work. Plaintiff and **Meal Period Sub-Class** members were instructed to "multitask," and were required to clock out for lunch and keep working while they ate. Additionally, Plaintiff and **Meal Period Sub-Class** members' meal periods were consistently taken after the completion of their fifth hour of work. Moreover, Plaintiff and **Meal Period Sub-Class** members were never afforded the opportunity to take second meal periods when they worked in excess if ten (10) hours a day.

41.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

**Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

42.     Moreover, Defendants written policies fail to inform Meal period Class Members of their meal period rights under the Labor Code and applicable Wage Orders.

43.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

44.     Pursuant to Labor Code section 204, 218.6, 226.7, 512, and 558 Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, penalties, interest thereon, and costs of suit.

45.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

46.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

47.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

48.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

49.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to

pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

50.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

51.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

52.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten uninterrupted minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

53.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

54.     Pursuant to Labor Code section 204, 218.6, 226.7, and 558 Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, penalties, interest thereon, and costs of suit.

55.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 204, 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

56.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

57.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

58.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during

which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

59.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

60.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

61.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

62.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

63.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

64.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

65.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

66.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

67.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in

1  excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh

2  consecutive day of one workweek.

3      68.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

4  employers to pay non-exempt employees overtime wages of no less than two times their respective

5  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

6  worked in excess of eight hours on a seventh consecutive workday during the workweek.

7      69.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

8  centrally devised policies and practices to her and **Hourly Employee Class** members with respect to

9  working conditions and compensation arrangements.

10     70.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

11  **Employee Class** members for all time worked, including but not limited to, overtime hours at

12  statutory and/or agreed rates.

13     71.    At all relevant times during the applicable limitations period, Defendants maintained

14  a policy or practice of automatically deducting one-half hour or one hour from Plaintiff **Hourly**

15  **Employee Class** members' and  timecards on every workday for a meal period, regardless of whether

16  or not Plaintiff was provided with a meal period. Furthermore, what meal periods were taken by

17  **Hourly Employee Class** members were consistently interrupted by work. Plaintiff and **Hourly**

18  **Employee Class** members were instructed to "multitask," and were required to clock out for lunch

19  and keep working while they ate.

20     72.    As a result of Defendants' policy or practice of automatically deducting one-half hour

21  or one hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly**

22  **Employee Class** members were required to perform off-the-clock work that Defendants either knew

23  or should have known they were working.

24     73.    Plaintiff is informed and believes that, at all relevant times during the applicable

25  limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Hourly**

26  **Employee Class** members for all time worked, including but not limited to, overtime hours at

27  statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

28     74.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

**Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work, discussed herein.

75.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

76.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 558, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

77.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

<u>**FOURTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

78.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

79.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at

each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

80.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

81.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Class** members with written wage statements as described above. Additionally, the wage statements issued to class members failed to account for the unpaid minimum wages, overtime, and premium pay wages described above.

82.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

83.    Plaintiff and **Wage Statement Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the

submission of inaccurate information about wages and deductions to federal and state government agencies.

84.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

**FIFTH  CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiff and Expense Reimbursement Class)**

85.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

86.    Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

87.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs in executing their duties under Defendants' employ.  Specifically, Plaintiff and **Expense Reimbursement Class** members were required to use their personal cell phones in the course of their duties, including, but not limited to, clocking their hours worked and meal periods remotely with the web-based application on their phones. Defendant never reimbursed Plaintiff and **Expense Reimbursement Class** members for their necessary cell phone costs in executing their work-related duties. Additionally, Plaintiff and **Expense Reimbursement Class** members were required to launder and maintain their uniforms, the costs for which they were never reimbursed.

88.    Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class** members

16

FIRST AMENDED CLASS ACTION COMPLAINT

1    for all necessary expenses incurred in the discharge of their duties.

2        89.    At all relevant times during the applicable limitations period, Defendants required

3    Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

4    by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense**

5    **Reimbursement Class** members for all such expenditures.

6        90.    Plaintiff is informed and believes that, during the applicable limitations period,

7    Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

8    **Reimbursement Class** members for all necessary business expenses.

9        91.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

10    restitution for all unpaid amounts due and owing to within four years of the date of the filing of the

11    Complaint and until the date of entry of judgment.

12        92.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek

13    interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees

14    pursuant to Code of Civil Procedure section 1021.5.

15                    **<u>SIXTH CAUSE OF ACTION</u>**

16            **FAILURE TO TIMELY PAY ALL FINAL WAGES**

17                    **(Lab. Code §§ 201-203)**

18            **(Plaintiff and Waiting Time Penalties Sub-Class)**

19        93.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

20    herein.

21        94.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have

22    been entitled, upon the end of their employment with Defendants, to timely payment of all wages

23    earned and unpaid before termination or resignation.

24        95.    At all relevant times, pursuant to Labor Code section 201, employees who have been

25    discharged have been entitled to payment of all final wages immediately upon termination.

26        96.    At all relevant times, pursuant to Labor Code section 202, employees who have

27    resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

28    payment of all final wages at the time of resignation.

97.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

98.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

99.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

100.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

101.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

102.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

103.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

104.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code

of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

105.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

106.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, and FIFTH, causes of action herein.

107.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

108.    Defendants have or may have acquired money by means of unfair competition.

109.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 226.7, 354, 408, 512, 510,  553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

110.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to: provide non-exempt employees with compliant meal and rest periods; pay non-exempt employees for all hours worked; and reimburse them for all expenses.

111.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

112.    As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

113.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

114.    Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

115.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

116.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Wage Orders.

117.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

118.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

119.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

120.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

121.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

### EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698 *et seq.*)

122.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

123.     During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 558, 1174, 1194, 1197, 1198 and 2802.

124.     Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382 or Federal Rules of Civil Procedure, Rule 23.

125.     Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

126.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

127.     Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 558, 1174, 1194, 1197, 1198 and 2802:

        A.     For violations of Labor Code sections 201, 202, 203, 204, 212, 226.7, 558, 1174, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

        B.     For violations of Labor Code section 203, a penalty in an amount not

1    exceeding thirty days pay as waiting time (penalties set by Labor Code

2    section 256);

3    C.    For violations of Labor Code section 204, $100 for each employee for each

4    initial violation that was neither willful nor intentional, $200 for each

5    employee, plus 25% of the amount unlawfully withheld from each employee,

6    for each initial violation that was either willful or intentional, and $200 for

7    each employee, plus 25% of the amount unlawfully withheld from each

8    employee, for each subsequent violation, regardless of whether the

9    subsequent violation was either willful or intentional (penalties set by Labor

10    Code section 210);

11    D.    For violations of Labor Code section 223, $100 for each employee for each

12    initial violation that was neither willful nor intentional, $200 for each

13    employee, plus 25% of the amount unlawfully withheld from each employee,

14    for each initial violation that was either willful or intentional, and $200 for

15    each employee, plus 25% of the amount unlawfully withheld from each

16    employee, for each subsequent violation, regardless of whether the

17    subsequent violation was either willful or intentional (penalties set by Labor

18    Code section 225.5);

19    E.    For violations of Labor Code section 226(a), if this action is deemed to be an

20    initial citation, $250 for each employee for each violation.  Alternatively, if

21    an initial citation or its equivalent occurred before the filing of this action,

22    $1,000 for each employee for each violation (penalties set by Labor Code

23    section 226.3);

24    F.    For violation of Labor Code sections 510 and 512, $50 for each employee for

25    each initial pay period for which the employee was underpaid, and $100 for

26    each employee for each subsequent pay period for which the employee was

27    underpaid (penalties set by Labor Code section 558);

28    G.    For violations of Labor Code section 1197, $100 for each aggrieved

1    employee for each initial violation of Labor Code section 1197 that was

2    intentional, and $250 for each aggrieved employee per pay period for each

3    subsequent violation of Labor Code section 1197, regardless of whether the

4    initial violation was intentional (penalties set by Labor Code section 1197.1);

5    H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable

6    attorneys' fees and costs in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, aggrieved

9    employees, the State of California, and the general public, prays for relief and judgment against

10   Defendants as follows:

11   (1)    An order that the action be certified as a class action;

12   (2)    An order that Plaintiff be appointed class representative;

13   (3)    An order that counsel for Plaintiff be appointed class counsel;

14   (4)    Unpaid wages;

15   (5)    Actual damages;

16   (6)    Liquidated damages;

17   (7)    Unreimbursed expenses incurred;

18   (8)    Restitution;

19   (9)    Declaratory relief;

20   (10)   Pre-judgment interest;

21   (11)   Statutory penalties;

22   (12)   Civil penalties;

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1        (13)    Costs of suit;

2        (14)    Reasonable attorneys' fees; and

3        (15)    Such other relief as the Court deems just and proper.

4                            **<u>DEMAND FOR JURY TRIAL</u>**

5        Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

6    demands a jury trial on all issues so triable.

7

8    Dated:  March 25, 2021                    SETAREH LAW GROUP

9

10

11                                    /s/ David Keledjian
                                      _____
12                                    Shaun Setareh
                                      David Keledjian
13                                    Attorneys for Plaintiff
                                      ARTURO ROMERO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT