IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>GREENWICH LOGISTICS, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-09106-MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; STRIKING IN PART OPPOSITIONS; AFFORDING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Before the Court are two motions, filed September 20, 2021:  (1) defendant Greenwich Logistics, LLC's ("Greenwich") "Motion to Dismiss and/or Strike Plaintiff's Second Amended Class Action Complaint"; and (2) defendant Amazon Logistics, Inc.'s ("Amazon") "Motion to Dismiss and/or Strike Plaintiff's Second Amended Class Action Complaint."  Plaintiff Arturo Romero ("Romero") has filed opposition to each motion,[1] to which each defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

In the operative complaint, the Second Amended Class Action Complaint ("SAC"), Romero alleges that, for a four-week period in 2019, he was "employed as a delivery driver for Defendants" (see SAC ¶ 19) and that, during such period, "Defendants" failed to comply with various obligations set forth in the California Labor Code (see, e.g., SAC

---

[1] Under the Local Rules of this District, an opposition "may not exceed 25 pages of text."  See Civil L.R. 7-3(a).  Each of plaintiff's oppositions, however, consists of 33 pages of text.  Accordingly, the Court hereby STRIKES pages 26 through 33 of each opposition.  The Court notes, however, consideration of the stricken pages would have no effect on the rulings set forth herein.

[2] By order filed November 17, 2021, the Court took the matters under submission.

¶ 23 (alleging "Defendants" had "policy and practice" of "failing to reimburse [employees] for necessary expenditures incurred in executing their duties under Defendants' employ"). In total, Romero asserts, on his own behalf and on behalf of a putative class, seven claims under the California Labor Code, as well as a derivative claim under § 17200 of the California Business & Professions Code.

Defendants, in their respective motions, argue all of Romero's claims are subject to dismissal for failure to state a claim. In particular, Greenwich and Amazon argue, the SAC fails to provide fair notice of the basis for the claims asserted against each of them, due to Romero's use of multiple collective references to "Defendants" and failure to separately identify any act or omission on the part of either Greenwich or Amazon sufficient to support a cognizable claim. As set forth below, the Court agrees.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Numerous district courts have found, and this Court agrees, that a plaintiff fails to plead sufficient factual content to state a claim against a defendant where a complaint describes the conduct of two or more defendants collectively and includes no factual allegations identifying the conduct in which each defendant engaged. See, e.g., Williams v. Nichols Demos, Inc., 2018 WL 11236757, at *3 (N.D. Cal. June 20, 2018) (dismissing complaint wherein plaintiff asserted defendants were joint employers and alleged "Defendants" engaged in acts but failed to "identify the particular party alleged to have so acted"; citing district court cases dismissing similarly deficient complaints); Sanchez v. Green Messengers, Inc., 2021 WL 5012150, at *2 (N.D. Cal. October 28, 2021) (holding Rule 8 "requires a plaintiff to differentiate allegations against multiple defendants"; dismissing complaint as "deficient because it fail[ed] to differentiate between the two [named] Defendants"); Eunice v. United States, 2013 WL 756168, at *3 (S.D. Cal. February 26, 2013) (holding "[l]umping all 'defendants' together" fails to "put a particular defendant on notice" as to grounds on which claims are based).

Here, the only allegations in the SAC specific to any defendant are that Greenwich is "a Delaware corporation doing business in the State of California" (see SAC ¶ 5) and that Amazon is "a Delaware corporation doing business in the State of California" (see SAC ¶ 6). All other references to Greenwich and Amazon, whether conclusory or factual, are to "Defendants" (see, e.g., SAC ¶¶ 14, 19-28), and, the few instances in which the SAC refers to conduct by an individual, e.g., allegations that a "supervisor told him 'you need to multi-task and eat while you drive' [and] train[ed] him to eat his lunch while driving" (see SAC ¶ 19), do not serve to clarify the ambiguity inherent in the above-referenced collective allegations, as the reader is left to speculate as to which of the two defendants employed such individual.

The SAC thus fails to provide either Greenwich or Amazon fair notice of the basis of the claims made against it, and, accordingly, the SAC, in its entirety, is subject to dismissal.[3]

As the Court previously has not dismissed either of the prior complaints filed by Romero,[4] the Court will afford Romero leave to amend. See Fed. R. Civ. P. 15(a)(2) (providing courts "should freely give leave" to amend). In amending, Romero must cure the above-described deficiency and may add additional factual allegations to address any of the other arguments made by defendants. Romero may not, however, add any new defendants or new claims, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

//

//

//

---

[3] In light of the above-discussed finding, the Court does not address herein the additional grounds on which Greenwich and Amazon seek dismissal, nor does the Court address herein their respective arguments that the class allegations should be stricken.

[4] The SAC, like the First Amended Class Action Complaint, was filed pursuant to the parties' stipulation allowing such amendment. (See Doc. No. 42; see also Doc. No. 23).

**CONCLUSION**

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, and the SAC is hereby DISMISSED, with leave to amend. Any Third Amended Complaint shall be filed no later than December 17, 2021.

**IT IS SO ORDERED.**

Dated: November 18, 2021

MAXINE M. CHESNEY
United States District Judge